IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT JAMES PETRICK,            )
                                 )
            Petitioner,          )
                                 )
      v.                         )      1:09CV551
                                 )
SANDRA THOMAS,                   )
                                 )
            Respondent.          )

## O R D E R

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case comes before the Court on Petitioner's Motion for Leave to Conduct Discovery (Docket Entry 5), Respondent's Motion for Summary Judgment (Docket Entry 11), and Petitioner's Motion for Reconsideration (Docket Entry 20).

Petitioner was convicted after a jury trial of the first-degree murder of his wife. The evidence introduced against him included the testimony of Roy McNeill, a cadaver dog handler who used his dog to perform a search of Petitioner's home; this evidence reflected that the dog "alerted" on the trunk of Petitioner's car, an upstairs bedroom, a bed linen and pillow case in that bedroom, and a nearby shower drain. (Docket Entry 13, Trial Tr. Vol. IX at 1296-99.) Petitioner attacks this evidence in several of his claims and Respondent's arguments in favor of summary judgment as to each of the cadaver dog claims assert, inter alia, that such evidence was not material to Petitioner's conviction in light of the other evidence against him. With one

exception, a determination on that issue can be made on the record as it now exists.

That exception concerns Petitioner's allegations that authorities performed a second cadaver dog search. Petitioner contends that neither the existence, nor the results, of the second search were ever disclosed to the defense prior to or during his trial. He reports awareness of the second search because, after his direct appeal concluded, his attorney sent him transcripts from a later trial involving a defendant in an entirely separate case in which McNeill also testified. (Docket Entry 3, ¶ 8.) On cross-examination in the later case, McNeill was asked about his search in Petitioner's case. Petitioner alleges that, at some point in that testimony, McNeill referenced a second search of Petitioner's home by a dog handler named "Blankenship." It does not appear, based on Petitioner's allegations, that McNeill testified as to the results of the other search.[1] Petitioner suggests that the existence and results of the "second" search must have been hidden from him because it did not produce any "alerts" by the second cadaver dog, a fact which he could have used to undermine the prosecution's case. (Docket Entry 22 at 26.)

On October 28, 2009, Respondent filed an answer to the Petition and her Motion for Summary Judgment with accompanying brief and record materials. (Docket Entries 10-12.) In her

---

[1] It does not appear that the file contains a copy of the transcript from the later trial, despite the fact that it was listed as an exhibit to Petitioner's motion for appropriate relief. (Docket Entry 12, Ex. 7 at 4.) Petitioner may wish to submit a copy or point to its location in the record if he wishes the Court to consider such evidence at summary judgment.

summary judgment brief, Respondent made the previously mentioned argument that the cadaver dog evidence lacked a material role in Petitioner's conviction, but did not state whether or not a second search occurred, what was found if it did occur, or what records, if any, existed, although she faulted Petitioner for not providing proof of the search. (Docket Entry 12 at 37.) Respondent did not explain how Petitioner was supposed to provide proof of the second search, particularly when he sought, but did not receive, an evidentiary hearing in the state courts while pursuing a motion for appropriate relief on his claim of withheld evidence. (Id., Ex. 7 at 14, Ex. 8.)

Respondent's summary judgment brief leaves the Court to evaluate the materiality of alleged evidence without knowing whether it exists or, if it does, what the nature of the evidence is. Further, if an undisclosed search occurred and records of that search do exist, the question arises as to whether that non-disclosure conflicts with Respondent's position regarding the materiality of McNeill's testimony at trial.

The solution to these difficulties lies with Petitioner's Motion for Leave to Conduct Discovery. (Docket Entry 5.) Petitioner not only raised a claim in his Petition based on the alleged second dog search of his house, but also sought discovery on that claim. In the discovery motion, Petitioner requests "[a]ny and all material related to, referencing or directly resulting from any cadaver dog search of [his] home and/or automobile by any party other than Mr. Roy McNeill including, but not limited to, video

-3-

recordings, photographs, written reports, affidavits, written or electronic correspondence, facsimile transmissions and telephone records." (Docket Entry 5 at 2.) He also seeks any records connected to McNeill, such as his training and qualifications and reports related to his search of Petitioner's home and car, as well as "any forensic examination or analysis reports concerning any objects found in [his] automobile trunk." (Id.)

The Court ordered Respondent to answer the Petition and to respond to Petitioner's discovery motion. (Docket Entry 6 at 2.) However, Respondent neither filed a separate response to Petitioner's discovery motion nor incorporated a response into her Answer or Motion for Summary Judgment. (See Docket Entry 10; Docket Entries dated July 29, 2009, to present.)

Rule 6 of the Rules Governing Section 2254 and 2255 Proceedings authorizes discovery in post-conviction proceedings but, "[u]nlike other civil litigants, a § 2254 habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009)(quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)), cert. denied, 130 S.Ct. 1073 (2010). Instead, before conducting discovery, a petitioner must obtain leave of court by showing good cause. Bracy, 520 U.S. at 904; Harris v. Nelson, 394 U.S. 286, 299-300 (1969); Maynard v. Dixon, 943 F.2d 407, 412 (4th Cir. 1991).

Here, Petitioner claims that a witness in his trial testified under oath in a separate later trial that a second search of Petitioner's property occurred using a cadaver dog. He adds that

-4-

he received no documents related to that search and did not know that the search had occurred prior to reading the transcript from the later trial. Petitioner lacked any means of procuring the documents on his own following his conviction and, without knowledge of the search at the time of his trial, could not have pursued specific pretrial discovery on this point. He did attempt to explore the matter through an evidentiary hearing in the state courts, but was rebuffed. Finally, Petitioner has formulated a reasonable and narrowly focused request for any materials related to the second search. He seeks neither to comb the entirety of the State's files seeking some unidentified piece of helpful evidence nor to engage in a "fishing expedition." For all of these reasons, the Court finds that good cause exists to allow Petitioner's request for discovery as to any second cadaver dog search that may have occurred. Within 60 days of the entry of this Order, Respondent shall either produce the requested materials to Petitioner and the Court or certify that no such materials exist and/or that no second cadaver dog search of Petitioner's property occurred.

Petitioner has not demonstrated good cause for his other two discovery requests. Petitioner was well aware of McNeill's search and could have sought any records related to McNeill and his search as part of his trial. The same conclusion applies to any forensic examinations of objects found in his trunk. Further, unlike the second cadaver dog search, Petitioner has not proffered anything that would suggest that relevant records exist. Petitioner has not

demonstrated good cause for these requests and the portions of his discovery motion seeking records related to McNeill or his search and forensic examinations of objects from Petitioner's trunk will be denied.

Finally, the Court will deny Petitioner's Motion for Reconsideration, in which he asks the Court to revisit its prior refusal to enter any order regarding certain prison regulations. (Docket Entry 20.)  Petitioner cites no new authority and simply repackages or repeats arguments he made in his prior motion, which the Court denied.  (<u>Compare</u> Docket Entry 17 <u>with</u> Docket Entry 20.) "A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court rethink what the Court has already thought through – rightly or wrongly." <u>United States v. Dickerson</u>, 971 F. Supp. 1023, 1024 (E.D. Va. 1997).

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (Docket Entry 5) is **GRANTED** as to Petitioner's request for records and other evidence associated with a second cadaver dog search of his property and **DENIED** as to the remainder of his requests.

**IT IS FURTHER ORDERED** that within 60 days of the entry of this Order, Respondent shall either produce any non-privileged materials related to any second cadaver dog search to Petitioner and the Court or certify that no such materials exist and/or that no second cadaver dog search of Petitioner's property occurred.  The Court defers action on Respondent's summary judgment motion (Docket Entry

11) until after completion of the foregoing discovery and any supplemental briefing that may be ordered.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration (Docket Entry 20) is **DENIED**.

                                                          /s/ L. Patrick Auld
                                                        **L. Patrick Auld**
                                    **United States Magistrate Judge**

March 24, 2011